IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAMON HANKINS,<br>　#59145-177,<br>　　　MOVANT,<br><br>V.<br><br>UNITED STATES OF AMERICA,<br>　　　RESPONDENT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>CIVIL CASE NO. 3:21-CV-2448-M-BK<br>(CRIMINAL CASE NO. 3:19-CR-285-M-3) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Damon Hankins' *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed here, the motion should be summarily **DISMISSED WITH PREJUDICE**.[1]

**I. BACKGROUND**

Hankins pled guilty to transporting stolen money, securities, and goods in interstate commerce and, in May 2020, was sentenced to 72 months' imprisonment and a three-year term of supervised release. Crim. Doc. 121 at 1-3.[2] He was also ordered to pay $556,232.34 in

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

[2] All "Crim. Doc." citations refer to the related criminal case: *United States v. Hankins*, No. 3:19-CR-285-M-3 (N.D. Tex. May 29, 2020).

restitution.  Crim. Doc. 121 at 5.  Hankins filed a direct appeal that was dismissed as frivolous on March 23, 2021.  Crim. Doc. 220.  On October 5, 2021, he filed this timely § 2255 motion.  Doc. 2.  Hankins asserts ineffective assistance of counsel and claims the plea agreement was ambiguous and his sentence was illegal and disproportionate.  Doc. 2 at 4-8.

Upon review, the Court concludes that Hankins is not entitled to relief.  Thus, his § 2255 motion should be summarily dismissed.

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a movant stands fairly and finally convicted.  See *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998).  Under § 2255, a movant can collaterally challenge his conviction "only on issues of constitutional or jurisdictional magnitude."  *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

### A. Ineffective Assistance of Counsel Claim Fails

Hankins' ineffective assistance of counsel claim is both vague and conclusory.  Doc. 2 at 4.  He asserts *in toto*: "Defendant's constitutional rights were clearly violated due to the ineffective or deficient assistance of counsel in a criminal case, in violation of the Sixth Amendment of the Constitution of the United States of America."  *Id.*

To establish ineffective assistance of counsel, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984).  Hankins' claims of ineffective assistance of counsel lack sufficient factual enhancement to plead a violation of the Sixth Amendment.  See *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (declining to consider vague ineffective assistance of counsel claim).  Without a specific allegation explaining what counsel did or failed

to do, Hankins does not raise an issue of constitutional import.  "[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id*. at 23 (cleaned up); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . to be of probative evidentiary value.").

Moreover, Hankins wholly fails to indicate how he was prejudiced—specifically that but for his counsel's allegedly erroneous advice, he would not have pleaded guilty and would have insisted on going to trial, *see Hill v. Lockhart*, 474 U.S. 52, 59 (1985), or that counsel's actions resulted in an increase in his sentence, *see Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001).  Thus, Hankins' ineffective assistance claim fails.

### B. Plea Agreement and Sentencing Claims are Procedurally Barred

Next, Hankins asserts that his plea agreement was "ambiguous."  Doc. 2 at 7.  He merely states, "Defendant's constitutional rights were clearly violated by the agreement made between defense counsel and the United States Attorney's Office in violation of the Fourteenth Amendment of the Constitution of the United States of America." *Id.*  Hankins also appears to vaguely challenge the sentence that he received, stating it was "illegal" and "disproportionate."  Doc. 2 at 5, 8.  He also asserts in conclusory fashion that his sentence was "in excess of 18 U.S.C. § 3553" and "higher" than the sentence imposed on his codefendants, and that the restitution amount was "improper." *Id*.

In the event Hankins is attempting to challenge the voluntariness of his guilty plea or contest his sentence, his claims are procedurally defaulted.  Having failed to raise such claims on direct appeal, they are procedurally defaulted absent a showing of both (1) cause excusing his

procedural default and (2) actual prejudice resulting from the error. *United States v. Logan*, 135 F.3d 353, 355 (5th Cir. 1998) (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)). An exception to the cause and prejudice requirement is reserved for the "extraordinary case . . . in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Here, however, Hankins alleges nothing that can be interpreted to meet the cause and prejudice or actual innocence requirement. Consequently, his claims are barred.[3]

In addition, if Hankins challenges the application of the Sentencing Guidelines, his claim is not cognizable under the limited scope of § 2255 because it is not of constitutional dimension and it could have been raised on direct appeal. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) ("Misapplications of the Sentencing Guidelines . . . are not cognizable in § 2255 motions.").

Moreover, any claim challenging restitution is not cognizable on § 2255 review because it "is a nonconstitutional issue relative to sentencing," and "a monetary penalty is not a sufficient restraint on liberty to meet the 'in custody' requirements." *See Campbell v. United States*, 330 Fed. App'x 482, 482-83 (5th Cir. 2009) (per curiam) (finding claims related to restitution should be raised on direct appeal not a § 2255 motion); *United States v. Hatten*, 167 F.3d 884, 887 and nn.5-6 (5th Cir. 1999) ("[C]omplaints concerning restitution may not be addressed in § 2255

---

[3] Courts can invoke procedural bars *sua sponte* but only after giving the movant an opportunity to respond. *See Willis,* 273 F.3d at 596-97. Hankins will have a chance to oppose the procedural default determination during the 14-day period for filing objections to this report and recommendation. *Id.* at 597 and n.6 (concluding magistrate judge's recommendation provides a reasonable opportunity to oppose application of procedural default).

proceedings."); *see also United States v. Segler,* 37 F.3d 1131, 1137 (5th Cir. 1994) (limiting "the types of claims cognizable under § 2255 to claims relating to unlawful custody," not those relating "only to the imposition of a fine").

### III. CONCLUSION

For all these reasons, Hankins' § 2255 motion should be summarily **DISMISSED WITH PREJUDICE**, as provided by Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.

**SO RECOMMENDED** on January 13, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).